IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ED GOVE, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-261 |
| § | |
| WAL-MART STORES, INC., WAL-MART § | |
| STORES TEXAS, LP, WAL-MART § | |
| STORES EAST, LP, A/K/A WAL-MART § | |
| STORES EAST I, LP, WSE § | |
| MANAGEMENT, LLC, AND WAL-MART § | |
| SUPERCENTER, § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This case arises out of alleged injuries sustained by Plaintiff Ed Gove, Jr. ("Plaintiff") while he attempted to remove a rug from a display at a Wal-Mart store in La Marque, Texas. Now before the Court is Defendants Wal-Mart Stores, Inc., Wal-Mart Stores Texas, L.P., Wal-Mart Stores East, LP, A/K/A, Wal-Mart Stores East I, LP, WSE Management, LLC, and Wal-Mart Supercenter's (collectively, "Defendants") Motion for Summary Judgment. For the reasons stated below, Defendants' Motion is **DENIED**.[1]

**I. Background**

On July 3, 2003, Plaintiff patronized Defendants' store in La Marque, Texas ("La Marque Wal-Mart"). Plaintiff alleged that, while shopping at the La Marque Wal-Mart, he was injured in

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

the course of removing a rug from a rug display at the store. Allegedly, the rug was rolled up and then stacked vertically into a metal cage that with other rugs. Plaintiff alleges that the display was overstuffed, and that when he attempted to remove the rug he wanted to purchase from the cage, it popped out suddenly, causing him to lose his balance and fall, breaking his leg. Employees at the La Marque Wal-Mart created the rug display.

On May 6, 2005, Plaintiff filed this premises liability suit against Defendants. Defendants now move for summary judgment, arguing that Plaintiff lacks evidence to support any of the elements of his claim for premises liability. The Court finds that Plaintiff has shown beyond question that significant questions of fact remain, and that summary judgment at this stage is inappropriate. Defendants' Motion is **DENIED.**

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1956). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied* 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).

If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S. Ct. 2512. Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See id.* at 255, 106 S. Ct. at 2513.

### III. Analysis

To establish premises liability under Texas law, a plaintiff must show: "(1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Keetch v. Kroger Company*, 845 S.W.2d 262, 264 (Tex. 1992) (citing *Corin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). *See also Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539 (Tex. 1976). The fact that the owner/occupier created the condition that posed an unreasonable risk of harm may support an inference of knowledge. *See Keetch*, 845 S.W.2d at 265. However, the jury must still find that the owner/occupier knew or should have known of the condition. *Id.* Thus, the fact that the owner/occupier created the condition may constitute circumstantial evidence of knowledge, but it may not establish knowledge as a matter of law. *Id.*

Defendants argue that Plaintiff lacks evidence to support *any* of the elements of his claim. This argument is based on a few select excerpts from Plaintiff's deposition, which indicate that

Plaintiff did not attempt to seek assistance from any employees at the La Marque Wal-Mart before he removed the rug from the display, nor did Plaintiff notice anything wrong with the display prior to the alleged accident. This is the extent of the evidence relied upon by Defendants in support of their Motion, and it appears to be directed primarily at the element of knowledge. Specifically, that no one at the La Marque Wal-Mart had actual or constructive knowledge of the condition.[2]

In Response, Plaintiff argues that because the employees at the La Marque Wal-Mart created the rug display and thereby the condition that led to his injuries, there is a genuine issue of material fact as to constructive or actual knowledge of the condition. *See Keetch*, 845 S.W.2d at 265–66 (finding that creation of a condition "may constitute circumstantial evidence that the owner or occupier knew of the condition"). Plaintiff has put forth evidence that employees at the La Marque Wal-Mart created the rug display in question, and that the condition remained unchanged from the time of its creation until the time of Plaintiff's alleged injury. Plaintiff has demonstrated that a genuine issue of material fact remains as to whether the La Marque Wal-Mart knew or should have known of the condition that allegedly led to his injury. Defendants offer no counter-argument. Therefore, Defendants' have failed to show that they are entitled to judgment as a matter of law on this issue.

As to Defendants' remaining argument that Plaintiff lacks any evidence to support the remaining elements of his claim, the Court finds that these arguments are without support. The

---

[2]The Court notes the cursory nature of Defendants' Motion, which is nothing more than a legal standard attached to a few brief facts from which the Court has been left to piece together and infer an actual argument. Such motions are a waste of judicial resources, border on vexatious practice, and do nothing to further the efficient resolution of legitimate controversies such as the instant case. In the future, Defendants are advised that if they wish to move for summary judgment the Court would appreciate a more whole-hearted effort than three pages of conclusory assertions with no legal analysis.

deposition excerpts speak only to whether the La Marque Wal-Mart lacked actual or constructive notice of the condition that resulted in Plaintiff's alleged injuries. These excerpts do not show that as a matter of law the rug display did not pose an unreasonable risk of harm, that the La Marque Wal-Mart did exercise reasonable care to reduce or eliminate any such risk, or that the La Marque Wal-Mart did not proximately cause Plaintiff's alleged injuries. On the other hand, Plaintiff's Response has raised genuine issues of material fact with respect to each of the elements of his claim. Therefore, the Court finds that Defendants are not entitled to summary judgment at this time.

## V. Conclusions

Defendants have failed to meet their burden, they have failed to negate any element of Plaintiff's claim, and they have failed to establish that Plaintiff lacks any evidence to support an essential element of his claim. For these reasons and those provided above, Defendants' Motion for Summary Judgment is emphatically **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 9th day of March, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge